UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES # 241575,

       Plaintiff,                        Case No.: 06-CV-10326

                                        HON. AVERN COHN
vs.                                       MAG. JUDGE WALLACE CAPEL, JR.

GOPAL SINGAL,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

This is a pro se prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs. Currently before the court is "Plaintiff's Motion to Voluntarily Dismiss Defendant Lisa Boulderstone."

**II.   ANALYSIS**

Voluntary dismissals are governed by Federal Rules of Civil Procedure 41(a), which provides in pertinent part:

> (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2).

The decision to grant or deny a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) is committed to the "sound discretion of the district court." Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994) (citations omitted). Further, "a district court should [ordinarily] grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." Performance Abatement Services, Inc. v. Lansing Bd. of Water and Light, 168 F. Supp. 2d 720, 731 (W. D. Mich. 2001) (quoting Waller v. Financial Corp. of America, 828 F.2d 579, 583 (9th Cir.1987)).

The Sixth Circuit has directed district courts to the following factors for guidance in determining whether a defendant will suffer plain legal prejudice: (1) defendant's time and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation regarding need for a dismissal; and (4) whether a motion for summary judgment has been filed by defendant. Performance Abatement Services, 168 F. Supp. 2d at 731 (citing Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir.1994).

In this case, it is unnecessary to apply the four factors because Defendants do not object to the dismissal. They do however, assert that the dismissal should be with prejudice, and costs should be awarded. The undersigned recommends that the Court deny Defendants' request to dismiss the matter with prejudice and deny their request for an award of costs.

Defendants assert that the dismissal should be with prejudice, but completely fail to explain why, and do not offer supporting authority. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh

2

on its bones." McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n, 59 F.3d 284, 293-94 (1st Cir.1995) (citation omitted)). Therefore, the case should be dismissed without prejudice.

In addition, Defendants' request for costs should be denied if the case is dismissed without prejudice. Fed. R. Civ. P. 54(d) provides that the losing party should pay the prevailing party's costs, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ." Fed. R. Civ. P. 54(d)(1).

In this case, Defendants are not entitled to costs, because they are not the prevailing party. There is no prevailing party where there is a voluntary dismissal without prejudice. See Sturm v. Sturm, 63 Ohio St. 3d 671, 674, 590 N.E.2d 1214, 1217 (Ohio 1992); see also Pavlovich v. National City Bank, 2006 WL 908614, at *3 (6th Cir. 2006) (unpublished disposition); Bridgeport Music, Inc. v. London Music, U.K., 345 F. Supp. 2d 836, 840 (M. D. Tenn. 2004).

### III.   CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's Motion be **GRANTED WITHOUT PREJUDICE**, and that the Request for Costs be **DENIED**.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that, within ten days after being served with a copy of this recommendation, they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file

objections may constitute a waiver of any further right of appeal to the United States Court of Appeals.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.


                                        s/Wallace Capel, Jr.
                                        **WALLACE CAPEL, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**

**Date:**   August 1, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Christine M. Campbell and Michael D. Kennedy,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s):   Fred Reeves # 241575, Baraga Maximum Correctional Facility, 301 Wadga Road, Baraga, MI 49908.

        s/James P. Peltier
        United States District Court
        Flint, Michigan 48502
        810-341-7850
        E-mail: pete_peltier@mied.uscourts.gov