UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRED REEVES,

      Plaintiff,

v.                                   Case No. 06-10326

DEBORAH WALLINGTON, et al,          HONORABLE AVERN COHN

      Defendants.

_____/


**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART
AND
GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS
DEFENDANT LISA BOULDERSTONE
AND
DISMISSING DEFENDANT LISA BOULDERSTONE WITH PREJUDICE
AND WITHOUT COSTS**

I.

      This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff sued several defendants, including Lisa Boulderstone, claiming deliberate indifference to his serious medical needs for events which occurred on December 7, 2005.  The matter was referred to a magistrate judge for all pre-trial proceedings.  On June 13, 2006, all defendants filed a motion for summary judgment.  Plaintiff filed a response on July 5, 2006.  Also on that date, plaintiff filed a motion to voluntarily dismiss Lisa Boulderstone because, in the defendants' summary judgment papers, Boulderstone submitted an affidavit stating she was not working that date and plaintiff admitted he did not see Boulderstone on that date.  Defendants filed a response to the motion, contending that

a dismissal should be with prejudice and the Court should award costs.

## II.

The magistrate judge issued a report and recommendation (MJRR) that plaintiff's motion be granted, that Boulderstone be dismissed without prejudice and without costs.

Before the Court are defendants' objections to the MJRR.  Defendants say that dismissal should be with prejudice because based on Boulderstone's affidavit and plaintiff's admission, she was not involved in the incident and therefore cannot be liable under § 1983.  They also say that costs should be awarded.  Plaintiff filed a response to defendants' objections.

## III.

Defendants' objections are well taken with the exception of the request for costs. As reflected in the record, particularly plaintiff's statement that he did not see Boulderstone on the day in question, she cannot be liable under § 1983.  It also appears that plaintiff has no intention of pursuing her as a defendant.  Therefore, she will be dismissed with prejudice.  However, as to a request for costs, Fed. R. Civ. P. 54(d) provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"  The decision to award costs is at the Court's discretion.  White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986).

Although not entirely clear, it appears that defendants are requesting only costs, i.e. expenses, not attorney fees.  Given that Boulderstone is represented by the Attorney General's office in the form of an Assistant Attorney General, who is representing all of the defendants, it would be difficult to allocate the costs associated

2

only with defending Boulderstone.  Moreover, under the circumstances, in which plaintiff admits he mistakenly named Boulderstone as a defendant because he had to rely on other prisoners for the names of defendants until he obtained the necessary information from defendants, costs are not warranted.

Accordingly, the MJRR is ADOPTED IN PART.  Plaintiff's Motion to Voluntarily Dismiss Defendant Lisa Boulderstone is GRANTED.  Boulderstone is DISMISSED WITH PREJUDICE and WITHOUT COSTS.

SO ORDERED.


  s/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  August 24, 2006


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 24, 2006, by electronic and/or ordinary mail.


  s/Julie Owens_____
Case Manager, (313) 234-5160