UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

    Plaintiff,

v.                                        Case No. 06-10326

DEBORAH WALLINGTON, DAVE SIVIK,
KAREN KEDRON, LINDA SHARP,         HONORABLE AVERN COHN
KAREN PETERS, DAVID LEMMA, D. SVENSEN,
HEATHER BAILEY, LYNN DEVOOGHT,
LARRY ALEXANDER, and DR. JOSEPH BURTCH,

    Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND
GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT
AND
DISMISSING DEFENDANTS SHARP, PETERS, LEMMA, SVENSEN, BAILEY,
DEVOOGHT, ALEXANDER, AND DR. BURTCH**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Fred Reeves, a state inmate proceeding pro se, sued several defendants claiming that they were deliberately indifferent to his serious medical needs. The matter was referred to a magistrate judge for all pretrial proceedings. Thereafter, defendants Dave Sivik, Lisa Balderstone,[1] Linda Sharp, Deborah Wallington, Karen Peters, David Lemma, Heather

---

[1]Balderstone was voluntarily dismissed as a defendant on August 24, 2006.

1

Bailey, Karen Kedron, Lynn DeVooght and Larry Alexander filed a motion for summary judgment. Defendant Dr. Joseph Burtch filed a motion to dismiss.

On February 22, 2007, the magistrate judge, in a thorough going analysis of Reeves' claims and the evidence, issued a report and recommendation (MJRR) recommending the following:

1. that summary judgment be granted as to defendants Sharp, Peters, Lemma, Svensen, Bailey, Devooght, Alexander and Dr. Burtch;[2]

2. that summary judgment be denied as to defendants Sivik, Wallington, and Kedron.

Before the Court are objections to the MJRR filed by (1) Sivik, Wallington, and Kedron, and (2) Reeves.

II.

The MJRR sets forth the relevant background of this case. Briefly, Reeves was transferred to Standish Maximum Facility on November 23, 2005. He has chronic health and hypertension problems. Reeves claims a delay in receiving medications for his condition upon his transfer by defendants Bailey, Devooght, Lemma, Svensen, Sharpe, and Peter's, nurses, and Dr. Burtch. He also claims defendants Sivik, Wallington, and Kedron, MDOC employees, ignored his medical detail and instead allowed him to be exposed to chemical agents which resulted in him being hospitalized for breathing problems.

---

[2]Although Dr. Burtch filed a motion to dismiss, he argued, <u>inter alia</u>, that the evidence failed to show deliberate indifference, an argument more appropriate to summary judgment. As such, the magistrate judge did not err in analyzing the motion within the parameters of summary judgment.

III.

The portions of the MJRR that the parties find objectionable are reviewed de novo . See 28 U.S.C. § 636(b)(1)(C).

As to Reeves' objections, he says that the magistrate judge erred in recommending that his claims against Sharp, Peters, Lemma, Svensen, Bailey, Devooght, Alexander and Dr. Burtch be dismissed because the evidence shows a genuine issue of material fact as to whether they were deliberately indifferent. The Court disagrees. As the magistrate judge explained, Reeves' complaints and evidence against these defendants do not rise to the level of deliberate indifference. Reeves' objections do not offer any argument or evidence not considered by the magistrate judge.

As to Sivik, Wallington, and Kedron, they argue that the magistrate judge erred because the evidence at most shows that Reeves suffered a *de minimus* injury after the chemical agent was used on another prisoner and such an injury is not actionable under § 1983.[3]

The magistrate judge carefully considered case law from the Sixth Circuit and concluded that Reeves' injuries were not *de minimus*. The magistrate judge stated:

> ...Plaintiff was transported to the emergency room for "shortness of breath" and "chest pain" for which he was "Required to be hospitalized for observation and to rule out for MI [myocardial infarction]." Thus, Defendants

---

[3]Defendants also object to statements in the MJRR indicating that defendant Sharp did not file an affidavit because the record discloses such an affidavit. Defendants are correct. Sharpe did submit an affidavit on June 30, 2006. See docket entry # 40, Exhibit D, Affidavit of Linda Sharp, RN. Regardless, because the Court agrees with the magistrate judge that Sharpe should be granted summary judgment, this objection serves only to correct the record.

3

argument that this was a *de minimus* injury is unpersuasive.

    The test for deliberate indifference is whether there exists a "substantial risk of serious harm," not whether is actually occurred.  While an inmate can no longer make a claim for mental or emotional injury suffered while in custody without a prior showing a physical injury, that limitation is distinguishable from an act of deliberate indifference that causes mental or emotional stress that in turn causes a physical injury - be that physical injury t a blood flow impairment causing angina or a breathing limitation such as acute shortness of breath.  When either of these result in a trip to the emergency room - even if only to verify no permanent physical damages - they have left the reservation of "*de minimus*" and they have entered the domain where a jury could find them to constitute actionable injury.

MJRR at p. 18-19 (internal citations omitted).  The Court agrees with the magistrate judge.  It cannot be said as a matter of law based on the record that Reeves suffered only a *de minimus* injury.

IV.

Accordingly, the findings and conclusions of the magistrate judge are adopted as the findings and conclusions of the Court.  Defendants' motion for summary judgment is GRANTED IN PART AND DENIED IN PART.  Defendants Sharp, Peters, Lemma, Svensen, Bailey, Devooght, Alexander and Dr. Burtch are DISMISSED.  Reeves' claims against defendants Sivik, Wallington, and Kedron continue.

    SO ORDERED.

Dated:  March 29, 2007              s/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Fred Reeves, 241575, Marquette Branch Prison, 1960 U.S. Hwy 41 South, Marquette, MI 49855 on this date, March 29, 2007, by electronic and/or ordinary mail.

                                                  s/Julie Owens
                                                  Case Manager, (313) 234-5160