UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES # 241575,

    Plaintiff,               Case No.: 06-CV-10326

                                   HON. AVERN COHN
vs.                              MAG. JUDGE STEVEN D. PEPE

D. WALLINGTON, D. SIVIK, K. KEDRON,
L. SHARPE, K. PETERS, D. LEMMA,
D. SVENSEN, H. BAILEY, L. DEVOOGHT,
L. ALEXANDER, AND DR. BURTCH,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This is a pro se prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs. On February 16, 2007, the undersigned issued a Report and Recommendation, that recommended that Defendants Sivik, Wallington, and Kedron's Motions for Summary Judgement be DENIED; and that Summary Judgement be GRANTED for Defendants Sharpe, Peters, Lemma, Svensen, Bailey, Devooght, Alexander, and Dr. Burtch (Dkt. #66). That report was adopted by Order on March 29, 2007, by the Honorable Avern Cohn (Dkt. #75). Nonetheless, on April 9, 2007, Plaintiff filed a Motion for Summary Judgement against Defendant Dr. Burtch (Dkt. #77).

1

## II. FACTS

The undersigned incorporates by reference the recitation of facts contained in the Report and Recommendation and Order (Dkt. #66 and 75).

## III. STANDARD

### A. Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Moreover, when a motion for summary judgment is filed, the adverse party may not merely rely "upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Discussion

Plaintiff's Motion for Summary Judgment related specifically to Defendant Dr. Joseph Burtch. As previously mentioned, Dr. Burtch was dismissed from this case on March 29, 2007. (Dkt. #75). Plaintiff did not appeal this issue, as Defendant Dr. Burtch noted (Dkt. #77, page 3), and dismissal does not reinstate that case. Bringing another Motion for Summary Judgment on an issue already decided is not an appropriate way to proceed. "If 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' then the case is moot and the court has no jurisdiction." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006) (citing *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979)). Thus, there is no jurisdiction upon which to decide Plaintiff's motion.

### IV. CONCLUSION

For these reason IT IS RECOMMENDED that Plaintiff's Motion for Summary Judgement be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*,

3

638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Date: June 20, 2007  s/Steven D. Pepe
Flint, Michigan  United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following Michael D. Kennedy, Todd R. Mendel, and Kevin M. Thom, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: n/a.

s/ Tammy Hallwood
Deputy Clerk