UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRED REEVES #241575,

       Plaintiff,                Case No.: 06-CV-10326

                                 HON. AVERN COHN
vs.                             MAG. JUDGE STEVEN D. PEPE


DEBORAH WALLINGTON, DAVE SIVIK,
KAREN KEDRON, LINDA SHARP,
KAREN PETERS, DAVID LEMMA,
D. SVENSEN, HEATHER BAILEY,
LYNN DEVOOGHT, LARRY ALEXANDER,
and DR. JOSEPH BURTCH,

       Defendants.
_____/


**ORDER GRANTING DEFENDANTS' MOTION FOR
LEAVE TO TAKE DEPOSITION OF PLAINTIFF (DKT. #90)**

**I.    INTRODUCTION**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs. On February 16, 2007, the undersigned issued a Report and Recommendation that Defendants Sivik, Wallington and Kedron's Motions for Summary Judgement be **DENIED**, and that Summary Judgement be **GRANTED** for Defendants Sharpe, Peters, Lemma, Svensen, Bailey, Devooght, Alexander, and Dr. Burtch (Dkt. #66). That report was adopted by Order on March 29, 2007, by the Honorable Avern Cohn (Dkt. #75).

1

On May 21, 2007, Defendants Deborah Wallington, Karen Kedron, and David Sivik filed a Motion for Leave to Take Deposition of Plaintiff (Dkt. #89). Defendants subsequently filed an amended motion on the same date seeking this Court to issue an order allowing the Defendants to take Plaintiff's deposition either in person or by telephone under Fed R Civ P 30(b)(7) at the Defendants' option (Dkt. #90). The Court assigned Plaintiff counsel on June 15, 2007 (Dkt. #91), and filed a response to Defendants' motion on July 13, 2007 (Dkt. #97). After receiving two extensions of time to file (Dkt. #99 & #103), Defendants' filed their reply on September 10, 2007 (Dkt. #105). This case was referred for all pre-trial proceedings (Dkt. #30). For the reasons stated below, it is **ORDERED** that Defendants' motion is **GRANTED.**

## II.  FACTS

Plaintiff was transferred to Standish Maximum Facility [SMF] on November 23, 2005 ("Prisoner Civil Rights Complaint" [Complaint] filed January 24, 2006, Dkt. #1, page 6). He alleges that when he arrived he notified nurses Lemma and Alexander that he was having heart pain and breathing difficulty. Plaintiff contends that his nitro patches, blood pressure medication, and other medications were expired.

On November 30, Plaintiff was seen by Dr. Burtch about his medical condition and lack of medication. Dr. Burtch indicated that he would reorder the medications, but Plaintiff alleges that he failed to do so. Later in the evening on November 30, 2005, Plaintiff stated that he had not received any of his medications and was transported to St. Mary's Hospital. *Id*. at 8. The next day he was released from the hospital and given certain medications, but no nitro patches or asthma inhalers. Plaintiff states that he continues to have heart and breathing difficulty.

During his November 30, 2005, visit with Dr. Burtch he was given a medical detail to

notify the housing unit staff to remove him during the use of chemical agents. Yet, Plaintiff alleges that when he tried to notify the officers of this medical detail on December 7, 2005, prior to their use of chemical agents on another prisoner, they ignored his requests to be removed pursuant to his detail. Specifically, he alleges that he called out to Sergeants Boulderstone and Defendant Wallington to remove him, but "they informed [him] that everyone who was being moved was already moved and that no one else would be moved." (Dkt. #1, pages 8-9). Consequently, Plaintiff alleges that he experienced severe heart pains and breathing difficulties.

Later that day, Plaintiff stated that he became aware that a different prisoner would be gassed and asked Defendant Kendron to move him and showed her a copy of the medical detail. He alleges that Defendant Kendron then stated that she "did not care about any medical details" and would not move him even after he explained that chemical agents would cause him heart and breathing problems (Dkt. #1, page 10). Plaintiff then called out to an unknown officer and Lieutenant Goheem, regarding his medical detail, but they also refused to move Plaintiff. Further, Plaintiff alleges that he notified Defendant Sivik that he had a medical detail regarding removal prior to the use of chemical agents, but Defendant Sivik stated, "I can breath just fine, your heart and breathing problems are your problems." (Dkt. #1, pages 10-11).

Subsequently, on the night of December 7, 2005, Plaintiff experienced heart pain and breathing difficulty and was sent to St. Mary's Hospital. *Id*. at 10. Plaintiff was discharged December 8, 2005 (Dkt. #28, at page 5, n.29 (citing St. Mary's Hospital Records)). Plaintiff seeks compensatory damages of $50,000 against each Defendant, as well as punitive damages in the amount of $20,000 each (Dkt. #1, page 11).

## III.    ANALYSIS

Plaintiff is willing to have his deposition taken by Defendants (Dkt. #97, p. 1), but requests that Court order certain conditions in return. He asks that (1) his deposition should only be ordered to proceed in a manner where Plaintiff's counsel can meet and prepare in-person with Plaintiff near Detroit or Lansing the day prior to the deposition, and where Plaintiff's counsel can also be present in-person at the deposition in Detroit or Lansing; (2) that a writ of habeas corpus be entered causing Plaintiff to be transported from Marquette Branch Prison for this purpose; (3) a writ of habeas corpus be issued for Plaintiff to be present in-person at the entire trial of his case; (4) that the deposition of Plaintiff should occur only after Defendants have produced discoverable documents requested from them, and the Michigan Department of Corrections ("MDOC") has produced the documents subpoenaed from them (See, Dkt. #97, Ex. 1); (5) that if Plaintiff's deposition is videotaped, Plaintiff should be provided with street clothes and not be in restraints while being deposed; and (6) that a general discovery and scheduling order be entered by the Court setting a time frame for discovery by Defendants and Plaintiff to be completed.

Defense counsel indicates in his response that Defendants will not be scheduling a video deposition nor a *de bene esse* deposition of Plaintiff (Dkt. #105, p. 2). Thus, Plaintiff's concerns in those regards are moot. Defense counsel also does not object to Plaintiff writting (by way of a writ of habeas corpus ad testificandum) himself out for trial. *Id*. at 3. In the event this case proceeds to trial, the Court will review a properly filed request at that time to assure Plaintiff's presence at trial.

Defendants' counsel does object, however, to Plaintiff being writted out for matters other

than trial in violation of the PLRA and/or by way of any *"ultra virus"* act of this Court. Plaintiff is currently housed at the Marquette Branch Prison. Defendants therefore object to Plaintiff counsel's request for an order requiring Plaintiff to be brought to Detroit or Lansing for the convenience of Plaintiff's Counsel. 42 U.S.C. 1997e(f) requires that "to the extent practicable" all pretrial matters in prisoner civil cases be handled by way of videoconference and/or telephone conference. Accordingly, it would violate the directives of Congress to order Plaintiff, who is a Security Level 5 maximum security prisoner, to be transported from Marquette Branch Prison for the purposes of this deposition. Defendants' counsel, whose office in other capacities represents MDOC, shall make arrangements for a telephonic deposition of Plaintiff. It is also the desire of the Court that without the necessity of specific orders, Defendants' counsel in arranging with MDOC for the telephonic deposition, also arrange for Plaintiff to have confidential telephonic communications with his attorney on the day prior to the deposition or such other time as agreed to by Plaintiff's counsel.

The lack of a case management order or scheduling order in this case to date should not prevent either party from conducting discovery. In fact, prior to Plaintiff being appointed counsel, Fed. R. Civ. P. 26 (a) (1) (E) (iv) exempted this case from the initial disclosure requirements and from the "discovery conference" requirements of Fed. R. Civ. P. 26 (f). While, Fed. R. Civ. P. 26 (d) specifically states that methods of discovery may be used in any sequence, and the fact that one party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery, Plaintiff's counsel has only recently been appointed and is in no way responsible for delays in seeking discovery. It is believed that this case, and Plaintiff's deposition itself, will proceed in a more efficient fashion, if Plaintiff's counsel is able

to familiarize himself with the facts prior to proceeding. Accordingly, prior to Plaintiff's deposition, counsel for the parties shall hold a discovery conference to explore consensual exchange of relevant information in the most efficient manner possible, including the relevant data in Plaintiff's subpoena in Exhibit 1 attached to Plaintiff's response brief is resolved.[1] While several of the requests for production sought by Plaintiff are mooted by this Court's dismissal of various Defendants, and others seek documents not likely in the possession or control of the three remaining individual Defendants, counsel for the parties shall confer as well on these discovery requests, and any appropriate protective orders needed to assure the secure and safe operation of MDOC consistent with Plaintiff's constitutional rights to a full and fair hearing on his claims.[2] Plaintiff's counsel shall, by appropriate motion (preceded if needed by formal discovery requests), bring any unresolved issue of discovery before this Court and seek an expedited hearing from Deputy Courtroom Clerk, Pete Peltier, for their resolution and the entry of a suitable scheduling order for the processing of this case.

**IV.    ORDER**

For the above stated reasons, **IT IS ORDERED** that Defendants' motion is **GRANTED**. Accordingly, Defendants are permitted to take the deposition of Plaintiff Fred Reeves (#241575), in this matter by telephone pursuant to Fed. R. Civ. P. 30(b)(7). Every effort should be made by defense counsel to cooperate with Plaintiff's counsel on the scheduling and timing of the

---

[1] The June 26, 2007, subpoena is not addressed to any particular person, nor is there any proof of personal service of the subpoena on anyone or a tender of fees as is required by Fed. R. Civ. P. 45. It is anticipated that any service problems for the MDOC litigation coordinator can be resolved by counsel for the parties at the discovery conference.

[2] Defense counsel in his reply brief notes that he has certain documents and protective orders that will expedite discovery.

6

deposition. The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

**SO ORDERED.**

Date: September 25, 2007　　　　　　　　s/Steven D. Pepe
Flint, Michigan　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

　　　　I hereby certify that on <u>September 25, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Michael D. Kennedy, Todd R. Mendel, Kevin M.Thom</u> , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>not applicable</u>.

　　　　　　　　　　　　　　　　　　　　s/ James P. Peltier
　　　　　　　　　　　　　　　　　　　　James P. Peltier
　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk
　　　　　　　　　　　　　　　　　　　　U.S. District Court
　　　　　　　　　　　　　　　　　　　　600 Church St.
　　　　　　　　　　　　　　　　　　　　Flint, MI 48502
　　　　　　　　　　　　　　　　　　　　810-341-7850
　　　　　　　　　　　　　　　　　　　　pete_peliter@mied.uscourts.gov