UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES #241575,

      Plaintiff,                Case No.: 06-CV-10326

                                  HON. AVERN COHN
vs.                              MAG. JUDGE STEVEN D. PEPE

DEBORAH WALLINGTON, DAVE SIVIK,
KAREN KEDRON, LINDA SHARP,
KAREN PETERS, DAVID LEMMA,
D. SVENSEN, HEATHER BAILEY,
LYNN DEVOOGHT, LARRY ALEXANDER,
and DR. JOSEPH BURTCH,

      Defendants.
_____/

## AMENDED REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

      This is a civil rights action brought pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs. On February 16, 2007, the undersigned issued a Report and Recommendation that recommended that Defendants Sivik, Wallington and Kedron's Motions for Summary Judgement be **DENIED**, and that Summary Judgement be **GRANTED** for Defendants Sharpe, Peters, Lemma, Svensen, Bailey, Devooght, Alexander, and Dr. Burtch (Dkt. #66). That report was adopted by Order on March 29, 2007, by the Honorable Avern Cohn (Dkt. #75).

      On May 21, 2007, Defendants Deborah Wallington, Karen Kedron, and David Sivik filed

a Motion to Revoke Plaintiff's *In Forma Pauperis* Status and Dismiss this Case Without Prejudice (Dkt. #86). The Court assigned Plaintiff counsel on June 15, 2007 (Dkt. #91), and filed a response to Defendants' motion on July 13, 2007 (Dkt. #96). After receiving two extensions of time to file (Dkt. #99 & #103), Defendants' filed their reply on September 7, 2007 (Dkt. #104). This case was referred for all pre-trial proceedings (Dkt. #30). For the reasons stated below, it is **RECOMMENDED** that Defendants' motion be **GRANTED** and that Plaintiff be ordered to pay the $350.00 filing fee within thirty (30) days of the Court's adoption of this report, or face dismissal of his action.[1]

## II. FACTS

Plaintiff was transferred to Standish Maximum Facility [SMF] on November 23, 2005 ("Prisoner Civil Rights Complaint" [Complaint] filed January 24, 2006, Dkt. #1, page 6). He alleges that when he arrived he notified nurses Lemma and Alexander that he was having heart pain and breathing difficulty. Plaintiff contends that his nitro patches, blood pressure medication, and other medications were expired. He stated that he was told by Nurse Lemma "oh, you can go a few days without your meds, do not worry about it." (Dkt. #1, page 6). Plaintiff later stated that it was nurse Svensen that so responded (Dkt. #43, page 8).

Two days later, on November 25, Plaintiff alleges that he sent a letter to Health Care addressing Nurses Bailey, Devooght, Lemma, Svensen, Shapre, and Peter regarding his ongoing heart and breathing problems and lack of medication (Dkt. #1, page 7).

Five days later, on November 30, Plaintiff was taken to health care. When he told his

---

[1] Plaintiff's counsel has indicated that should the Court require that Plaintiff pay the filing fee, he would advance such costs on behalf of Plaintiff as part of the legal representation he is providing (Dkt. #96, p. 11).

symptoms to Nurse Sharpe, she scheduled him for an appointment with Dr. Burtch. He was seen the same day around noon. Plaintiff indicates that he told Dr. Burtch about his medical condition and lack of medication. Dr. Burtch indicated that he would reorder the medications, but Plaintiff alleges that he failed to do so.

Later in the evening on November 30, 2005, Plaintiff stated that he had not received any of his medications and was transported to St. Mary's Hospital. *Id*. at 8. The next day he was released from the hospital and the nurse brought the following medications to his cell: Gaviscon, Prilosec, Tenormin, Vasotec, HCTZ, and K-Dur, but no nitro patches or asthma inhalers. Plaintiff states that he continues to have heart and breathing difficulty.

Additionally, Plaintiff argues that during his November 30, 2005, visit with Dr. Burtch that he was given a medical detail to notify the housing unit staff to remove him during the use of chemical agents. Yet, Plaintiff alleges that when he tried to notify the officers of this medical detail on December 7, 2005, prior to their use of chemical agents on another prisoner, they ignored his requests to be removed pursuant to his detail. Specifically, he alleges that he called out to Sergeants Boulderstone and Wallington to remove him, but "they informed [him] that everyone who was being moved was already moved and that no one else would be moved." (Dkt. #1, pages 8-9). Consequently, Plaintiff alleges that he experienced severe heart pains and breathing difficulties.

Later that day, Plaintiff stated that he became aware that a different prisoner would be gassed and asked Officer Kendron to move him and showed her a copy of the medical detail. He alleges that officer Kendron then stated that she "did not care about any medical details" and would not move him even after he explained that chemical agents would cause him heart and

breathing problems (Dkt. #1, page 10). Plaintiff then called out to an unknown officer and Lieutenant Goheem, regarding his medical detail, but they also refused to move Plaintiff. Further, Plaintiff alleges that he notified ARUS Sivik that he had a medical detail regarding removal prior to the use of chemical agents, but ARUS Sivik stated, "I can breath just fine, your heart and breathing problems are your problems." (Dkt. #1, pages 10-11).

Subsequently, on the night of December 7, 2005, Plaintiff experienced heart pain and breathing difficulty and was sent to St. Mary's Hospital. *Id*. at 10. Plaintiff was discharged December 8, 2005 (Dkt. #28, at page 5, n.29 (citing St. Mary's Hospital Records)).

Plaintiff was returned to the prison and saw Dr. Burtch on December 14, 2005 (Dkt. #1, page 10). At that time, Dr. Burtch ordered Plaintiff's nitro patches and asthma inhalers.

Plaintiff seeks a TRO/Preliminary Injunction, a jury trial, and compensatory damages of $50,000 each, as well as punitive damages in the amount of $20,000 each (Dkt. #1, page 11).

## III. ANALYSIS

Pursuant to Magistrate Judge Komives' April 7, 2006, Order, Plaintiff was granted *in forma pauperis* status under 28 U.S.C. § 1915 to pursue the present action (Dkt. #4), a grant that the Court now recognizes to be improvident. Under the "three-strikes" provision of Title VIII of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. 104-134, 110 Stat. 1321:

> In no event shall a prisoner bring a civil action. . . under this section if the prisoner has, on 3 or more *prior* occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that *was* dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915 (emphasis added).

In the present case, Plaintiff does not deny that he has three prior civil lawsuits, which

4

were dismissed for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. Plaintiff admitted in his Complaint, pages 3-5, that he had filed at least forty-one (41) prior federal court cases in the U.S. District Courts in Michigan when he filed this case in January 2006. Plaintiff also admitted in his December 28, 2005, affidavit, paragraph 2,3 that he has three strikes, stating, as follows (Dkt. #2, p. 3):

> I have three (3) strikes against me that prevents [sic] me from filing a new action *in forma pauperis* unless I am under "imminent danger of serious physical injury" pursuant to 28 USC 1915 (g).

This Court may also take judicial notice pursuant to FRE 201 of the number of lawsuits filed by Plaintiff in both this district and of the cases filed in the Western District of Michigan.[2] Plaintiff has more than "three strikes" but since three strikes is all that is required, the following three cases sufficiently qualify as strikes under 28 U.S.C.A. 1915 (g):

> 1. *Reeves v Grider*, USDC-WD of Mich. No. 5:04-cv-185 (Judge McKeague), Opinion and Judgment dated November 30, 2004, which specifically states it is a dismissal under 28 U.S.C.A. 1915 (g). (Dkt. #86, Ex. 1);
>
> 2. *Reeves v Eyers*, USDC-WD of Mich. No. 1:04-cv-790 (Judge Enslen), Opinion and Judgment dated January 4, 2005, which specifically states it is a dismissal under 28 U.S.C.A. 1915 (g). (Dkt. #86, Ex. 2);
>
> 3. *Reeves v Eyers*, USDC-WD of Mich. No. 5:04-cv-202 (Judge Bell), Opinion and Judgment dated December 21, 2004 and Order Denting Reconsideration dated January 13, 2005, which specifically states it is a dismissal under 28 U.S.C.A. 1915 (g). (Dkt. #86, Ex. 3);

In addition, at least four separate federal judges have denied Plaintiff *in forma pauperis* status

---

[2] It is proper for the court to take judicial notice of the other actions Plaintiff has filed in this court. *United States v. Doss*, 563 F.2d 265, 269 (6th Cir. 1977) (taking judicial notice of court's own records is wholly consistent with FRE 201). The court may also take judicial notice of court records on file ion the Western District of Michigan. *Granader v Public Bank*, 417 F.2d 75, 82 (6th Cir. 1969) (Federal courts may take judicial notice of proceedings in other courts of record).

and dismissed cases filed by Plaintiff because he has had three strikes. See Dkt. #86, Ex. 4, which contains the opinions and orders denying Plaintiff *in forma pauperis* status in four District Court cases in the Western District of Michigan in docket numbers 4:05-cv-1 (Opinion and Order dated 1-13-05 by Judge Bell), 5:05-cv-6 (Opinion and Order dated 2-9-05 by Judge Quist), 1:05-cv-17 (Opinion and Order dated 2-23-05 by Judge Miles), and 5:05-cv-8 (Opinion and Order dated 2-23-05 by Judge Enslen).

Although Plaintiff has conceded that he has "three strikes" against him, he argues that he should be exempted from the "three strikes" provision contained in § 1915(g) because he is in "imminent danger," and because Defendants have filed an untimely challenge to his *in forma pauperis status*.[3] Yet, Plaintiff has not cited any facts that involve any of the three Defendants in this lawsuit having placed Plaintiff in "imminent danger" at the time of filing his Complaint in

---

[3] In its previous Report and Recommendation, the undersigned noted that:

> Defendant Dr. Burtch claims that the "three strikes" provision of 28 U.S.C. § 1915, should be applied to Plaintiff because the "imminent danger" exception does not apply to Plaintiff because it requires more than mere speculation of harm and, further only applies when the danger of injury exists when the complaint is filed. (Dkt. #1, Ex. 3, page 2, citing *Swenson v. Pramstaller*, 169 Fed. Appx. 449, 450 (6th Cir. 2006); *Malik v. McGinnis*, 293 F.3d 559 (2nd Cir. 2002)).
>
> Plaintiff's Complaint acknowledges his litigiousness (Dkt. #1, pages 4-5). He did, however, claim that he is in "imminent danger." *Id.* at page 11. Further, in a responsive pleading he explained that he was in "imminent danger" because he had been "told that [he] will not be moved prior to the use of chemical agents." (Dkt. #56, page 13). This Court on April 7, 2006, granted Plaintiff's Application to Proceed Without Prepayment of Fees (Dkt. #4). This indicates a screening determined that he was in imminent danger or he would not have been eligible for IFP status pursuant to 29 U.S.C. § 1915(g). There is no formal challenge before the court relating to Plaintiff's IFP status. Because summary judgment is recommended for Dr. Burtch, this "three strikes" issue is not addressed further.

*Reeves v. Wallington*, 2007 WL 1016979, at *17, n. 13 (E.D. Mich. 2007).

this lawsuit. Moreover, as Defendants indicate, Plaintiff is not currently eligible under the "imminent danger" exception because:

> 1.) The three Defendants in this case work at Standish Maximum Facility, and Plaintiff is now incarcerated at Alger Maximum Correctional Facility (LMF) in Munising, Michigan. The named Defendants cannot possibly be refusing to move Plaintiff prior to use of chemical agents at a facility where they are not employed and which is 273 miles away from them;
>
> 2.) No employees of LMF are defendants in this case;
>
> 3.) In analyzing the facts of this case on earlier dispositive motions, this court has already held that "Plaintiff's claim regarding his asthma does not meet the objective component of deliberate indifference. . . [E]ven when treated at the hospital on December 1, 2005 and December 7, 2005, he was never treated with asthma medications. On both visits the emergency room medical providers did not give Plaintiff any asthma inhalers or other remedies specifically tailored to treat his asthma. . . On this record, Plaintiff's asthma has not been shown to be a serious medical condition." Obviously, Plaintiff's inclusion of any alleged asthmatic condition or "breathing difficulties" in his attempt to show he is under any "imminent danger of serious physical injury" in this case is far fetched and unsupported by any evidence. The asthma condition does not meet the requirements for an exception to the three strikes rule under 28 U.S.C.A. 1915 (g).
>
> 4.) This case has been pending for sixteen months, since January 24, 2006, and there has not been a single incident or complaint raised that Plaintiff was not moved before chemical agents were used in a housing unit where Plaintiff has been incarcerated.
>
> 5.) It is clear that in 16 months since the filing of this lawsuit that Plaintiff's fears are unfounded. . .
>
> 6.) If a prisoner has been transferred to another facility, he cannot establish the individual defendants pose an imminent danger to him (only exception to the 3-strikes rule).

(Dkt. #86, pages 5-7).

In order to be exempt from the "three strikes" rule under § 1915(g), Plaintiff must have been under "imminent danger of serious physical injury" at the time the Complaint initiating the lawsuit was filed, not at the time of the actionable events. *Pointer v Wilkinson*, ___ F 3d ___, fn

1 (CA 6, September 6, 2007); *McAlphin v Toney*, 281 F 3d 709 (8th Cir. 2002); *Lewis v Sullivan*, 279 F3d 526 (7th Cir. 2002); *Malik v McGinnis*, 293 F3d 559 (2nd Cir. 2002); and *Swenson v Pramstaller*, 169 Fed Appx 449, 450 (6th Cir. 2006).[4] Yet, when Plaintiff filed this case on January 24, 2006, he had already been transferred out of the Standish Maximum Correctional Facility (SMF) where the incidents at issue in this lawsuit are alleged to have occurred on December 7, 2005. The only Defendants remaining in this case are Deborah Wallington, Karen Kedron, and David Sivik, all of whom were and are employed at SMF and all of whom are being sued in their individual capacities. None of these three Defendants have had any interaction with Plaintiff since he was transferred out of SMF on December 20, 2005. None of these three Defendants have any control over Plaintiff, who as noted above, is now incarcerated at LMF in

---

[4] In *Lloyd v. Graham*, 22 Fed. Appx. 525, 526, 2001 WL 1450816, *1 (6th Cir. 2001), the Sixth Circuit held that "none of the reasons offered by Lloyd ha[d] any merit for the reasons stated by the district court." The district court had held:

> Plaintiff's claim that he is in imminent danger because he was assaulted by prison guards on November 20, 2000 is also insufficient to allow him to proceed *in forma pauperia*. A prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the PLRA's three strikes provision. *Meberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Because the imminent danger of serious physical injury exception cannot be trigger solely by complaints of past abuse, Plaintiff cannot be allowed to proceed *in forma pauperis* with this civil rights action. *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999). While Plaintiff claims that he is still in fear of the prison guards who assaulted him on November 20, 2000, Plaintiff has offered no credible evidence of any continuing threats on the part of prison staff towards him. *White*, 157 F.3d at 1232. Although Plaintiff alleges that he was assaulted by prison staff, he does not sufficiently allege any immediate or specific danger of future serious physical injury that would permit him to fall within the exception to the three strikes rule. *See Davis v. Cook*, 2001 WL 128320, *1 (6th Cir. February 7, 2001).

(*Lloyd v. Graham*, Opinion and Order of Summary Dismissal, Case No. 01-70021, Dkt. #7, page 6).

8

Munising, Michigan.

Therefore, as Plaintiff does not fall within the "imminent danger" exception, he should not be allowed to continue this suit *in forma pauperis* pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g).

Plaintiff claims that Defendants have failed to timely file their motion to revoke his IFP status, as such status was granted over a year ago on April 7, 2006. Yet, a federal court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke v Hiller*, 966 F Supp 538, 539 (E.D. Mich. 1997) ( Gadola, J); *McFadden v Parpan*, 16 F Supp 2d 246, 247 (E.D. NY 1998). Because federal district courts generally do not make determinations of whether this three strikes rule applies when lawsuits are initially filed and because the district courts cannot make a valid determination as to whether a prisoner's allegations of "imminent danger" are true or not at the beginning stages of litigation and before any defendant is served with process (unless the allegations of "imminent danger" are so clearly frivolous), the rule of law allowing this issue to be raised later in the case is a reasonable accommodation and interpretation of 28 USC 1915 (g).[5] Accordingly, it is proper to revoke Plaintiff's IFP status

---

[5] Plaintiff's argument that Fed. R. Civ. P. 60 (b) precludes this motion is also false. Fed. R. Civ. P. 60 (b)'s one year time limit only applies to motions brought under Fed. R. Civ. P. 60 (b) (1)-(3) and does not apply to Fed. R. Civ. P. 60 (b) (4)-(6) motions. Further, Fed. R. Civ. P. 60 (b) only applies to "final judgment[s], order[s], or proceeding[s]" and the Magistrate's April 4, 2006, Order was not a final judgment or order. A final judgment is one that disposes of all claims against all parties and an order waiving prepayment of filing fees is no such order.

Plaintiff's argument that Fed. R. Civ. P. 72 and E.D. Mich. L.R. 72.1 require the Defendants to have filed written objections to the Magistrate's April 4, 2006 Order within ten (10) days or waive the right to object or appeal that order altogether is also without merit. The three Defendants bringing this motion (Wallington, Sivik, and Kedron) were not served with process until April 17 (Wallington and Kedron) and April 26, 2006 (Sivik). When each of these three Defendants were served with process, that process consisted of only a summons and complaint and they were not served with any copy of the Magistrate's April 4, 2006 Order. When Defendant Sivik was served with process on April 26, 2006, any ten day period would have

pursuant to 28 U.S.C. §1915(g).

## IV. RECOMMENDATION

For the above stated reasons, **IT IS RECOMMENDED** that Defendants' motion be granted and Plaintiff's IFP status be revoked pursuant to 28 U.S.C. §1915(g). **IT IS FURTHER RECOMMENDED** that Plaintiff be ordered to pay the $350.00 filing fee within thirty (30) days of the Court's adoption of this Report and Recommendation, and that Plaintiff's failure to pay the full filing fee within that time frame should result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir.), cert. denied, 537 U.S. 895 (2002).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and

---

already expired under Fed. R. Civ. P. 72, and it is frivolous for Plaintiff to argue that these Defendants should have filed objections within ten days. The summons issued by this Court even informs each Defendant that they do not have to answer or respond in the case for 20 days per Fed. R. Civ. P. 12 (a)(1)(A).

order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.


Date: October 16, 2007                    s/Steven D. Pepe
Flint, Michigan                           United States Magistrate Judge


### CERTIFICATE OF SERVICE

I hereby certify that on <u>October 16, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Michael D. Kennedy, Todd R. Mendel, Kevin M.Thom</u> , and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: <u>not applicable</u>.

s/ James P. Peltier
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peliter@mied.uscourts.gov
