UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

       Plaintiff,

vs.

DEBORAH WALLINGTON, *et al.*,

       Defendants,
_____/

Case No. 06-10326

Avern Cohn
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

# REPORT AND RECOMMENDATION
# ON PLAINTIFF'S MOTION TO STRIKE
# OR FOR SUMMARY JUDGMENT (Dkt. 157)

## I. PROCEDURAL HISTORY

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges that defendants were deliberately indifferent to his serious medical needs. (Dkt. 1). On November 7, 2007, plaintiff filed a motion for leave to file his first amended complaint and to issue summonses to newly identified and named defendants. (Dkt. 117). Plaintiff's motion was granted by order dated November 19, 2007. (Dkt. 120). Plaintiff filed his first amended complaint on December 5, 2007. (Dkt. 126). In defendants' answers to the first amended complaint, they raise the affirmative defenses of failure to state a claim, failure to mitigate, and failure to exhaust. (Dkt. 137, 142) (there are two answers

1

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

to this complaint because the newly added defendants answered later and separately, after service). On March 12, 208, plaintiff moved to file a second amended complaint to again add defendants whose names were discovered during discovery (they were previously identified as "Doe" or by incomplete or otherwise incorrect names). (Dkt. 145). Plaintiff was granted leave to amend and filed the second amended complaint on April 17, 2008. (Dkt. 146, 147). Defendants' answer again asserted the same three affirmative defenses. (Dkt. 152). This case was referred for all pre-trial proceedings under 28 U.S.C. § 636(b) and was originally assigned to Magistrate Judge Steven D. Pepe. (Dkt. 30). This matter was reassigned to the undersigned on January 14, 2008. (Dkt. 138).

In his motion to strike or, in the alternative, for summary judgment, plaintiff argues that the three affirmative defenses asserted by defendants – (1) failure to state a claim; (2) failure to exhaust administrative remedies; and (3) failure to mitigate damages – are improper. (Dkt. 157). In order to evaluate plaintiff's motion, a review of earlier filings of the parties and the disposition of other motions provides some necessary context. Early on in this case, defendants filed a motion for summary judgment in raising the following issues: (1) plaintiff cannot show that defendants acted with deliberate indifference; (2) plaintiff is not entitled to damages because his injuries were *de minimis*; (3) defendants are entitled to

2

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

qualified immunity. (Dkt. 28). In Magistrate Judge Pepe's Report and Recommendation on this motion (and the separate motion to dismiss by defendant Burtch), he noted that the failure to exhaust administrative remedies was not raised in defendants' responsive pleadings.[1] (Dkt. 66, p. 8). He also concluded that plaintiff established a genuine issue of material fact on the two prongs of the deliberate indifference test and that defendants were not entitled to qualified immunity. (Dkt. 66, pp. 13, 16). Magistrate Judge Pepe also rejected defendants' argument on the *de minimis* injury issue. (Dkt. 66, p. 18). Magistrate Judge Pepe concluded that summary judgment was proper only for those defendants who were merely accused of delaying the administration of medication to plaintiff or against whom insufficient allegations of deliberate indifference were made. (Dkt. 66, pp. 21-28, 30-33). Judge Cohn adopted the Report and Recommendation over objections by defendants and plaintiff. (Dkt. 75).

Plaintiff, through counsel, previously filed a motion to strike or for summary judgment similar to the one currently at issue. (Dkt. 108). In that motion, plaintiff argued that defendants' defenses (as set forth in their answer,

---

[1] Magistrate Judge Pepe did not decide whether plaintiff had, in fact, exhausted his administrative remedies or whether there were any material issues of fact on this question.

3

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

Dkt. 88) of lack of subject matter jurisdiction, immunity, impropriety of injunctive relief, adequate remedy at law, laches, failure to state a claim, failure to exhaust, impropriety of joint and several liability, and failure to mitigate, were all improper and should be either stricken or summary judgment granted in plaintiff's favor. (Dkt. 108). Defendants responded to this motion to strike, stating that the motion would be moot if the Court granted plaintiff's motion to amend the complaint because defendants would have to answer the new complaint. (Dkt. 118). While defendants did address some the affirmative defenses that plaintiff sought to strike, they did not address the three affirmative defenses at issue in the instant motion (failure to state a claim, failure to mitigate, and failure to exhaust). (Dkt. 118). In reply, plaintiff pointed out that defendants did not address the propriety of any of their affirmative defenses except those related to injunctive relief. (Dkt. 119). Thus, plaintiff argued that because defendants failed to show that any of the other affirmative defenses that were the subject of their motion to strike or for summary judgment were proper, plaintiff was entitled to relief on those defenses. (Dkt. 119). Magistrate Judge Pepe granted plaintiff's motion to amend the complaint and denied plaintiff's motion to strike or for summary judgment as moot, and did not address the propriety of any of the defenses about which plaintiff complained. (Dkt. 120).

4

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

The second motion to strike (currently at issue) was filed on August 14, 2008. (Dkt. 157). On September 2, 2008 (the date the response was originally due), defendants moved to extend the time to answer the motion, which was granted. (Dkt. 161, 162). Defendants' response was due on September 30, 2008 and to date, no response has been filed.

Based on the following, the undersigned **RECOMMENDS** that the Court **GRANT** plaintiff's motion to strike defendants' affirmative defense of "failure to state a claim," and **GRANT** plaintiff's motion for summary judgment on defendants' affirmative defenses of "failure to mitigate" and "failure to exhaust administrative remedies."

## II. DISCUSSION

### A. Standard of Review

#### 1. Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Courts disfavor motions to strike because they "propose[ ] a drastic remedy." *Wrench LLC v. Taco Bell Corp.*, 36 F.Supp.2d 787, 789 (W.D. Mich. 1998), quoting, *Resolution Trust Corp. v. Vanderweele*, 833 F.Supp. 1383, 1387 (N.D.

5

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

Ind. 1993). However, a court has "liberal discretion" to strike such filings as it deems appropriate under Rule 12(f). *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000); 2 Moore's Federal Practice § 12.37 (3d ed. 2002). For example, a motion to strike should be granted where the complaint contains immaterial allegations that have no bearing on the subject matter of the litigation. *Id.*, citing, *Morse v. Weingarten*, 777 F.Supp. 312, 319 (S.D.N.Y. 1991) (striking references to defendant's criminal conviction and income level). A motion to strike should also be granted where the requested relief is unavailable. *Id.* citing, *Brokke v. Stauffer Chemical Co.*, 703 F.Supp. 215, 222-23 (D. Conn. 1988) (striking plaintiff's request for punitive damages under Employee Retirement Income Security Act of 1974). A motion to strike is a drastic remedy that should be used sparingly and only when the purposes of justice require. *Driving School Assoc. of Ohio v. Shipley*, 2006 WL 2667017, *1 (N.D. Ohio 2006), citing, *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

    2.  Summary Judgment

Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the evidence and all reasonable inferences must be construed in favor of the nonmoving party. *Tanner*

6

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

*v. County of Lenawee*, 452 F.3d 472, 477 (6th Cir. 2006). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for [his] motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Notably, the Sixth Circuit has held that if the moving party meets its initial burden and the nonmoving party fails to respond, "its opportunity is waived and its case wagered." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "Nothing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Id*. The trial court must still "carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the riposte for a silent party." *Id*. at 407. Therefore, if a party meets its burden in moving for summary judgment on the unopposed issues, then summary judgment would be proper. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

7

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

B.  Affirmative Defense of Failure to State a Claim

Defendants raise "failure to state a claim" as an affirmative defense in their answer to the second amended complaint. (Dkt. 152). Specifically, defendants claim as follows:

> 1.  Plaintiff's 42 USC 1983 claim fails to state a claim on which relief can be granted, therefore warranting dismissal pursuant to FRCP 12 (b) (6).
>
>> a)  Defendant/s was/were not personally involved in the alleged unconstitutional activity thereby precluding 42 USC 1983 liability.
>>
>> b)  42 USC 1983 liability cannot be imposed on Defendant MDOC based upon vicarious liability or respondeat superior.
>>
>> c)  Absent allegations of fact establishing the unnecessary and wanton infliction of pain, Plaintiff fails to establish cruel and unusual punishment.
>>
>> d)  42 USC 1983 liability cannot be imposed absent a causal connection between Plaintiff's injury and the alleged constitutional deprivation.
>>
>> e)  Negligence or lack of due care does not give rise to liability under 42 USC 1983.

(Dkt. 152, pp. 9-10 (footnotes omitted)). Plaintiff suggests that defendants "defenses" as set forth above are just another way of alleging that plaintiff will not

8

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

be able to "prove" all the elements of his claim. According to plaintiff, the Court has already decided that plaintiff has stated a claim and defendant's "defense" is not an affirmative defense at all. (Dkt. 157, p. 9).

With respect to subparagraph (b) – that vicarious liability cannot be imposed on "defendant MDOC" – the undersigned notes that the MDOC is not a named defendant in this suit. As plaintiff points out, none of the defendants are sued in their official capacity and no vicarious liability theory has been offered by plaintiff. (Dkt. 157, p. 8). Thus, it appears that this affirmative defense is "immaterial" under Rule 12(f) and should be stricken.

Further, as noted above, plaintiff's claims against the remaining defendants have survived a motion for summary judgment, where defendants' claims that plaintiff could not establish a genuine issue of material fact that they acted with deliberate indifference, that they did not act wantonly, and that plaintiff's injuries were not caused by the constitutional deprivation, were all rejected by the Court. (Dkt. 28, 66, 75). Moreover, the Court also concluded that it was for the jury to decide whether the facts as they find them constitute deliberate indifference or mere negligence by defendants. (Dkt. 66, p. 15). Thus, under these circumstances, the undersigned fails to see how defendants could conceivably succeed on a motion to dismiss plaintiff's claims for the reasons stated in their

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

subparagraphs (a), (c), (d), and (e) of their first affirmative defense, and the defenses set forth in those subparagraphs should also be stricken. *See e.g.* [Brokke, 703 F.Supp. at 222-23](#) (A motion to strike should be granted where the requested relief is unavailable.).

C. <u>Failure to Mitigate</u>

The circumstances where the defense of failure to mitigate damages applies to a prisoner's claim of deliberate indifference, while rare, do exist. For example, in [*Benter v. Peck*, 825 F.Supp. 1411, 1421 (S.D. Iowa 1993)](#), the court concluded that, as a result of the defendants' refusal to provide the plaintiff with replacement glasses where the plaintiff was legally blind and unable to function, he was deprived of treatment for his serious medical need in violation of his constitutional rights and was, therefore, entitled to injunctive relief. However, because the plaintiff "could have easily paid for the glasses and mitigated his ongoing difficulties, the court finds that an award of nominal damages is sufficient." [*Id.*](#)

In this case, the undersigned fails to see how plaintiff could have mitigated his damages. As plaintiff points out, none of the defendants identified a factual basis for this defense during their depositions. (Dkt. 157, p. 11). Further, any possible factual basis for defendants' affirmative defense is unknown, given that they failed to address this issue the first time plaintiff raised it (Dkt. 108, 118), and

10

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

have failed to respond to this motion. Given the facts presented by plaintiff that are supported by the record (Dkt. 157, pp. 2-6), defendants' failure to respond to this motion, and the constraints on plaintiff's person as a prisoner in state custody, the undersigned concludes that summary judgment in plaintiff's favor on this affirmative defense is appropriate.

D. <u>Failure to Exhaust</u>

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which defendants have the burden to plead and prove. *Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 919-21 (2007)*. A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court, 201 F.3d 784, 787 (6th Cir. 2000); Minadeo v. ICI Paints, 398 F.3d 751, 761 (6th Cir. 2005)*. In *Jones v. Bock*, the Supreme Court "identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Id.* at 923. Unfortunately in this case, while defendants raised failure to exhaust as an affirmative defense in response to both amended complaints, they did not bring any motion before the Court so that this defense could be resolved

11

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

expeditiously. Thus, plaintiff brought this motion for summary judgment on the exhaustion defense, asserting that no genuine issue of material facts exists that plaintiff, in fact, exhausted his administrative remedies. (Dkt. 157).

In support of his motion, plaintiff points out that it is undisputed that he was on modified access status to the prisoner grievance system at the time of the gassing incidents about which he complains in this suit. (Dkt. 157, citing, defendants' answer, ¶ 4). As a result, plaintiff had to seek permission to use the grievance procedure to complain about the December 7, 2005 gassing incidents. (Dkt. 157, citing, MDOC Policy Directive 0.3.02.130). The evidence shows that plaintiff made such a request on December 12, 2005 and that it was denied the same day. (Dkt. 157, citing, Ex. 10; defendant's answer, ¶ 4). Accordingly, plaintiff maintains that he "exhausted his administrative remedies since he performed all of the required steps under the modified access status." (Dkt. 157, p. 16). Plaintiff relies on *Walker v. Michigan Dept. of Corrections*, 128 Fed.Appx. 441, 446-447 (6th Cir. 2005) in support of his argument:

> [I]f a grievance officer dismissed a non-frivolous complaint by [plaintiff], that would be the end of possible administrative remedies with regard to that grievance, a court would thus have jurisdiction to hear a related federal claim, since all possible administrative remedies would have been attempted. *See e.g. Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir.

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

12

> Feb. 1, 1996) (holding that the MDOC's modified grievance status does not in any way impinge upon a plaintiffs First Amendment right access to courts); *see also*, 42 U.S.C. 1997e(a) (requiring only exhaustion of available administrative remedies).

Thus, according to plaintiff, he completely exhausted his "available" administrative remedy before filing suit. Plaintiff also points out that all of the defendants testified at their depositions that they are not aware of any facts supporting this affirmative defense. (Dkt. 157, p. 11).

Under *Walker* and *Hartsfield*, *supra*, the "failure to process a non-frivolous grievance filed by a prisoner on modified access status itself constitutes exhaustion." *Lacey v. Grandsen*, 2008 WL 2513849, *6 (E.D. Mich. 2008) (citing *Walker* and *Hartsfield*). Given the facts presented by plaintiff showing exhaustion as supported by the record evidence (Dkt. 157, pp. 2-6), that plaintiff's claim survived summary judgment and is not frivolous, the holding of *Walker* and *Hartsfield*, and defendants' failure to respond to this motion, the undersigned suggests that summary judgment in plaintiff's favor on this affirmative defense is appropriate.

## III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the Court **GRANT** plaintiff's motion to strike defendants' affirmative defense of "failure to

13

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

state a claim," and **GRANT** plaintiff's motion for summary judgment on defendants' affirmative defenses of "failure to mitigate" and "failure to exhaust administrative remedies."

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in [28 U.S.C. § 636(b)(1)](#) and [Local Rule 72.1(d)(2)](#). Failure to file specific objections constitutes a waiver of any further right of appeal. [*Thomas v. Arn*, 474 U.S. 140 (1985)](#); [*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981)](#). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. [*Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)](#). Pursuant to [Local Rule 72.1(d)(2)](#), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in length unless such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the

14

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326

objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

|  |  |
|---|---|
| Date: November 6, 2008 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

### CERTIFICATE OF SERVICE

I hereby certify that on <u>November 6, 2008</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Todd R. Mendel and Kevin M. Thom</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>not applicable</u>.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

15

Report and Recommendation
Plaintiff's Motion to Strike or for Summary Judgment
*Reeves v. Wallington, et al*; No. 06-10326